

**MICHAEL A. CARDOZO**
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**RHIANA SWARTZ**
phone: (212) 788-0424
fax: (212) 788-9776
rswartz@law.nyc.gov

May 15, 2013

**BY ECF FILING in 13-CV-1972 and 13-CV-1973**
Honorable Raymond Dearie
United States District Judge

Honorable Margo Brodie
United States District Judge

Honorable Cheryl Pollak
United States Magistrate Judge

Honorable Vera Scanlon
United States Magistrate Judge

United States District Court for
   the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


Re: *Kadidja Foy v. City of New York, et al.*, 13-CV-1972 (RJD) (CLP) and
*Anna Durant v. City of New York, et al.*, 13-CV-1973 (MKB) (VMS);
Consent Motion to Consolidate Cases for Limited Purpose of Discovery

Your Honors:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the defense of the City in the above-titled civil rights cases. I write pursuant to Local Civil Rule 1.6 to notify the Court of related cases, and request that those cases be consolidated for the limited purpose of discovery, under the first-filed case number (13-CV-1972), before Judge Dearie and Magistrate Judge Pollak. I conferred with plaintiff's counsel, Osondu Anyadike, Esq., by electronic mail on May 13, 2013, and he consents to the requested consolidation.

Each of these suits is brought against the same defendants and each asserts claims under 42 U.S.C. § 1983 for the same incident involving law enforcement action. Although the

cases concern different plaintiffs, the commonality of defendants, counsel, the incident giving rise to the claims, the claims, and the legal issues suggests that they should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort. The complaints are nearly identical. Consolidation of these cases for the purpose of discovery will obviate the possibility of conflicting discovery orders and will result in the most efficient use of judicial resources.

Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions pending before it if those actions involve "a common question of law or fact." That standard "is an expansive one, allowing consolidation of the broad range of cases brought in federal court." 8 MOORE'S FED. PRAC. § 42.10[1][a], at 42-9 (3d ed. 1998); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-1285 (2d Cir. 1990). District courts have broad discretion to consolidate actions that satisfy this expansive standard if, under the circumstances, such consolidation will serve the interests of justice. Courts have "broad discretion to determine whether consolidation is appropriate," and consider both judicial economy and the equity of consolidation. *Johnson*, 899 F.2d 1284-85. Consolidation has been found to be appropriate in virtually every kind of action that can be brought in federal court, including § 1983 actions. *See, e.g., Hayes v. Coughlin*, 87-7401(CES)/89-5498(CES), 1991 U.S. Dist. LEXIS 10521, at *6 (S.D.N.Y. July 30, 1991). Consolidation for the limited purpose of discovery is appropriate in this instance.

These cases are currently at similar procedural stages. In each case, the City is conducting its pre-answer investigation (including the representational interviews of individual defendants required by N.Y. Gen. Mun. L. § 50-k). These investigations will allow the City to respond to the complaints and to preliminarily assess and evaluate Ms. Foy and Ms. Durant's claims. Magistrate Judge Pollak and Magistrate Judge Scanlon have granted extensions of time to answer the complaints in both actions until July 15, 2013.

I thank Your Honors for your time and consideration on these matters.

Respectfully Submitted,

/s/

Rhiana Swartz
Assistant Corporation Counsel
Special Federal Litigation Division

By ECF
cc:    Osondu Anyadike, Esq.
       *Attorney for Plaintiffs*